CAMPBELL WALLACE, Superintendent of the Western & Atlantic Railroad, plaintiff in error, vs. W. J. M. THOMAS, defendant in error.

A suit against the Western & Atlantic Railroad for the loss of tobacco shipped on said road, should be brought against the Superintendent in Fulton county, where the office of said road is located, and not in Whitfield county, where the tobacco was received.

Case. In Whitfield Superior Court. Motion to Dismiss. Decided by Judge MILNER. April Term, 1866.

This was an action on the case.

The declaration alleged that, on the third day of September, 1863, the plaintiff delivered to the defendant, at Dalton, in the county of Whitfield, and the defendant received certain tobacco to be carried to Atlanta, there to be delivered

to the plaintiff or his consignee; and that the defendant did not safely carry the same, but improperly lost a portion thereof, and failed and refused to deliver the same at Atlanta, to the plaintiff or his consignee; to the plaintiff's damage, five thousand dollars.

The defendant moved to dismiss the declaration for want of jurisdiction, apparent on the face thereof. The Court overruled the motion, and this is the error complained of.

MYNAT and BARNETT & BLECKLEY, for plaintiff in error.

DABNEY, for defendant.

LUMPKIN, C. J.

This was a suit brought in Whitfield county against the W. & A. R. R. by the defendant in error, W. J. M. Thomas, on the 3d September, 1863, to recover damages for nine boxes of tobacco, which was shipped from Dalton to Atlanta, and which the plaintiff alleges were lost. A plea was filed* to the jurisdiction of the Court, on the ground that said road could not be sued in the county of Whitfield, for this cause of action, but only in the county of Fulton, where the office of said road is located, according to section 898 of the Code. The plea was overruled, and error is assigned on this decision of the Court below.

Its correctness depends upon the construction of the Act passed by the Legislature of Georgia, and approved 18th of April, 1863. (*See pamphlet Acts of November and December*, 1862, *and March and April*, 1863, *page* 182.)

The title of the Act is, "To declare the liability of the W. & A. R. R. for damages in running locomotives, to regulate the mode of bringing suits therefor, and to declare all suits brought against said road since the adoption of the Code, legal and valid." The preamble then recites that

---

* This, with what follows in relation to a plea, is an inaccuracy. There was no plea, but a motion to dismiss.—REP.

" Whereas, the compilers of the Code have failed to embrace in the Code, the laws in relation to the liability of the W. & A. R. R. for damages in running locomotives and other machinery on said railroad, for remedy whereof, etc."

It then enacts, "That all the laws now in force in this State for regulating the liabilities of railroad companies in this State for damages done by the running of locomotives, cars, and other machinery, be and the same are hereby declared to apply equally to the W. & A. R. R., and that hereafter in the bringing of all suits against the W. & A. R. R. the same shall be regulated by the laws in existence at the time of the adoption of the Code, and all suits that may have been brought against said road, since the adoption of the Code, according to the laws existing at the time of its adoption, are thereby declared to be legal and valid as if the said Code had never been adopted."

Does the Act of April, 1863, repeal the Code as to the venue of this class of suits? We think not. Whether you look to the title, the preamble, or the body of the Act, they all point in the same direction, namely "the liability of the W. &. A. R. R. for damages done in running locomotives, cars, and other machinery on said road." But how is it with other class of cases? Section 898 of the Code excepts those claims where, by the law, other railroads are allowed to be sued elsewhere than in the county where the office of said road is located. Now, other railroads could only be sued in any county through which they passed, in the following cases, to wit: for injuries to persons or things at crossings where there had been a failure to erect posts. *See Code*, *sects.* 680, 684. 2d, For the recovery of damages for injury to persons or property in or by the running of cars or engines; and 3d, on contracts to be performed in the county where suit is commenced. *See Code, sec.* 3317. It is manifest, therefore, that the Superior Court of Whitfield county had no jurisdiction of this case, whether we look to the exception in the 809th section of the Code already referred to, or to the provision in the Act of April, 1863,

69

authorizing all suits against the W. &. A. R. R. to be regulated by the laws in existence at the time of the adoption of the Code.

The best interest of the State and its citizens favors the interpretation which we have given to the legislation of the General Assembly in relation to the W. &. A. R. R. Otherwise, this invaluable auxiliary to the State, by the negligence of subordinate local agents, or fraudulent combinations with them, would be greatly jeopardized, and the interests of the road sacrificed.

Judgment reversed.

